IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAZEN AND NINA SHAHIN, | : | C.A. No. K18C-10-023 WLW |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF DOVER and CHERYL A. | : | |
| BUNDEK, City of Dover Tax | : | |
| Assessor, | : | |
| | : | |
| Defendants. | : | |

Submitted: March 1, 2019
Decided: March 14, 2019

**ORDER**

Plaintiffs' Motion for Sanctions Against Mr. Pepper
*Denied with Prejudice.*

Mazen Shahin and Nina Shahin, Plaintiffs, *pro se.*

William W. Pepper, Sr., Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware; attorney for Defendants.

WITHAM, R.J.

## INTRODUCTION

Currently before the Court is Plaintiffs,' Dr. Mazen Shahin and Mrs. Nina Shahin's (hereinafter "Plaintiffs"), Motion for Sanctions against Mr. William Pepper, Sr., Esquire, (hereinafter "Mr. Pepper"), of Schmittinger & Rodriguez, P.A. pursuant to Delaware Superior Court Rule of Civil Procedure Rule 11 (hereinafter "Rule 11").[1] After considering the motion and the record regarding this case, it appears to the Court that:

## FACTUAL AND PROCEDURAL HISTORY

1. On October 16, 2018, the Plaintiffs' case against the Defendants was transferred from the Delaware Court of Chancery to this Court pursuant to 10 *Del. C.* § 1902 and 6 *Del. C.* § 4602(8).[2]

2. On October 24, 2018, the Plaintiffs filed a complaint in this Court, *pro se*, against the Defendants pursuant to 6 *Del. C.* § 4600 et. seq.[3]

3. Despite the Plaintiffs' desire and attempts, they ultimately failed to retain legal counsel. As a result, the Plaintiffs filed an application in this Court seeking the Court to appoint an attorney to represent them in their civil cause of action against the Defendants pursuant to 6 *Del. C.* § 4613(b).[4] The Defendants filed their timely

---

[1] Mr. Pepper represents the City of Dover and Cheryl A. Bundek (hereinafter "Defendants") in the captioned civil action.

[2] *Shahin v. City of Dover & Cheryl Bundek*, No. 2018-0352-JRS (Del. Ch. Oct. 16, 2018).

[3] Pl. Complaint, *Shahin v. City of Dover & Cheryl Bundek*, K18C-10-023 (Del. Super. Oct. 24, 2018).

[4] Pl. Application for Appointment of Counsel, Nov. 29, 2018.

response, in opposition,[5] and on December 17, 2018, the Court denied the Plaintiffs application.[6]

4. On December 19, 2018, Mr. Pepper, acting in his capacity as the Defendants' legal counsel, filed an amended answer to the Plaintiffs' amended complaint.[7]

5. The Plaintiffs filed their latest complaint, again *pro se*, in this Court on February 22, 2019. Here, the Plaintiffs seek sanctions against Mr. Pepper pursuant to Rule 11.[8] The crux of the Plaintiffs' argument is that Mr. Pepper "misrepresent[ed] facts and the standards of applicable and controlling law" in his December 19, 2018 amended answer.[9] Mr. Pepper, in opposition, filed a timely response on February 28, 2019.[10]

---

[5] D. Reply to Pl. Application for Appointment of Counsel, Dec. 7, 2018.

[6] *Shahin vs. City of Dover & Cheryl Bundek*, 2018 WL 6653040, at *1 (Del. Super. Dec. 17, 2018) (the Plaintiffs filed a motion for reargument on December 27, 2018, which was denied by the Court. *Shahin v. City of Dover & Cheryl Bundek*, 2019 WL 162571, at *1 (Del. Super. Jan. 9, 2019), appeal dismissed, *Shahin v. City of Dover & Cheryl Bundek*, No. 51, 2019, slip op. at 3, 2019 WL 994536, at *1 (Del. Supr. Feb. 28, 2019)).

[7] D. Amended Reply, K18C-10-023 WLW (Del. Super. Dec. 19, 2018). The Plaintiffs' amended complaint is the basis for the Plaintiffs' current filing against Mr. Pepper. *See* Pl. Amended Complaint, K18C-10-023 WLW (Del. Super. Nov. 29, 2018).

[8] *See* Pl. Mot. Feb. 22, 2019.

[9] *Id.* at 1.

[10] D. Response, Feb. 28, 2019. The Court further notes its receipt of the Plaintiffs' March 8, 2019 "Objections to Mr. W. W. Pepper's Response" of February 28, 2019. Pursuant to Superior Court Civil Rule of Procedure Rule 7, the Court *may order a reply to an answer, but if not, no other pleadings shall be allowed.* Super. Ct. Civ. R. 7(a) (emphasis added). Here, the Court has not

## PARTIES' CONTENTIONS

6. The Plaintiffs specifically take issue with this excerpt from Mr. Pepper's amended reply:

> [t]he final decision of the Delaware Human Relations Commission was issued on June 21, 2017. Pursuant to 6 Del. C. § 4612(I), a petition for judicial review must be filed not later than 30 days after the entry of the order. Plaintiffs waited until May 17, 2018, to file an action in the Court of Chancery. The amended complaint in this action is filed on November 29, 2018. Therefore, to the extent that this action seeks judicial review of the final order of the Delaware Human Relations Commission, it must be dismissed.[11]

The Plaintiffs assert that this excerpt is inapplicable to the facts and law of the case and that Mr. Pepper presented it to *harass and intimidate the Plaintiffs who are national minorities*[12] and were seeking the appointment of professional attorney (sic) to defend them specifically against such intentional intimidation and harassment."[13]

7. In opposition, Mr. Pepper states that the excerpt was added to his amended pleading properly as a statute of limitations affirmative defense to avoid waiver in the

---

ordered, nor granted permission, to the Plaintiffs to file a reply to Mr. Pepper's response. Therefore, the Court will not consider this pleading in its decision, but assuming arguendo that it did, the Court would find, for reasons forthcoming, that the arguments, some of which border on outrageous, are without merit.

[11] Pl. Mot. at 1.

[12] *Id.* at 1-2 (emphasis added). The Plaintiffs have consistently made similar discrimination claims in their experience as Delaware *pro se* litigants against virtually every level of the Delaware judiciary system, in some cases, where the particular Court did not find in their favor.

[13] Pl. Mot. at 2 (the Plaintiffs appear to take issue with Mr. Pepper's amended response to their amended complaint, not with their application for the appointment of counsel.).

event the Plaintiffs' complaint could be construed to be an appeal from the Commissioned decision.[14] He further denies the Plaintiffs' claim that the excerpt in any way harasses or intimidates the Plaintiffs.[15]

## LEGAL STANDARD

8. By representing to the Court by signing, filing, submitting, or later advocating a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ....[16] If, after notice and a reasonable opportunity to respond, the Court determines that there has been a violation, the Court may, subject to certain conditions, impose an appropriate sanction upon the attorneys, law firms, or parties that are responsible for the violation.[17]

## DISCUSSION

9. Here, the Court finds the Plaintiffs' arguments without merit and agrees with Mr. Pepper that the contested portion of his amended reply was a cited affirmative defense pursuant to Superior Court Civil Procedure Rule 8 (hereinafter "Rule 8").[18]

---

[14] D. Reply at ¶¶ 2-3.

[15] *Id.* at ¶ 3.

[16] *See* Super. Ct. Civ. R. 11(b)(1)-(4).

[17] *Id.* at 11(c).

[18] *See Id.* at 8(e) (A party may set forth two or more statements of a defense alternatively or hypothetically and to state as many separate defenses as the party has, regardless of consistency.).

10. Rule 8, in pertinent part, provides:

[i]n pleading to a preceding pleading, *a party shall set forth affirmatively* accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release, res judicata, statute of frauds, *statute of limitations*, waiver, and any other matter constituting an avoidance or affirmative defense.[19]

Also relevant here is Superior Court Rule of Civil Procedure 8(e)(2), which provides:

[a] party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative, and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. The party may also state as many separate claims or defenses as the party has regardless of consistency.[20]

11. In this case, the Court finds that Mr. Pepper, an experienced and respected attorney in Delaware, stated an affirmative defense, based on his interpretation of the Plaintiffs' amended complaint. He clearly did so pursuant to this Court's rules.

12. As a result, this Court finds that Mr. Pepper's amended pleading was proper and not motivated, in part, by the Plaintiffs' national ethnicity or status as *"national minorities."*[21] Mr. Pepper did not harass and/or intimidate the Plaintiffs,

---

[19] Super. Ct. Civ. R. 8© (emphasis added).

[20] *Id.* at 8(e)(2).

[21] Pl. Mot. at 1-2.

and the Plaintiffs have failed to produce any evidence that would suggest otherwise. Likewise, the Plaintiffs have further failed to demonstrate that Mr. Pepper's employment of the statute of limitations as an affirmative defense, constituted harassment and/or intimidation.

13. Assuming arguendo, the Court had found a defect in Mr. Pepper's reply, the Court also agrees with Mr. Pepper that the Plaintiffs' appropriate remedy would have been to move to strike that portion of the amended response, pursuant to Superior Court Rules of Civil Procedure 12(f) (hereinafter "Rule 12(f)").[22]

14. Rule 12(f) provides that:

> [u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these Rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the Court's own initiative at any time, the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

15. In this case, even if the Plaintiffs had filed a Rule 12(f) motion on the same date as they filed their motion to sanction Mr. Pepper, the motion would have been untimely, and in any event, the Court would have still denied the motion.[23]

16. In order for the Plaintiffs' hypothetical 12(f) motion to be timely, the motion would have had to have been filed on or before January 8, 2019. In this case, the Plaintiffs did not file a 12(f) motion, or any motion, on January 8, 2019. As a

---

[22] *See* Super. Ct. Civ. R. 12(f) (emphasis added).

[23] *See* Super. Ct. Civ. R. 12(f).

result, any 12(f) motion to strike now, or in the future regarding this specific issue, is now untimely.

## CONCLUSION

17. Therefore, because the Court finds no grounds to grant sanctions against Mr. Pepper for the foregoing reasons, the Plaintiffs' Motion for Sanctions against Mr. Pepper is hereby **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

8